UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

---------------------------------X

AQUAFIX, INC.,

                Plaintiff,

                    v.

BLUE THUMB DISTRIBUTING, INC.; and PONDBUILDER, INC.

                Defendants.

---------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Aquafix, Inc. ("Plaintiff"), by and through its attorneys, Boardman & Clark, LLP, for its Complaint against Defendant Pondbuilder, Inc. ("Defendant Ponbuilder") and Defendant Blue Thumb Distributing, Inc. ("Defendant Blue Thumb"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1.     This is an action for infringement of Plaintiff's federally-registered mark AQUAFIX under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement, unfair competition under common law, all arising from each Defendant's unauthorized use of the mark AQUAFIX in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of goods in the field of water treatment.

2.     Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

3. This court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. This court has personal jurisdiction over Defendants because, upon information and belief, Defendants do business in and purposefully avail themselves of the State of Wisconsin, sell and advertise their products in Wisconsin, and have committed trademark infringement in Wisconsin.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), because each of the Defendants resides in this district given that they are subject to personal jurisdiction in this district, 28 U.S.C. § 1391(c)(1), and because a substantial part of the events or omissions giving rise to the claim occurred in this district, 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a corporation that is incorporated in Wisconsin and has its principal place of business in Madison, Wisconsin.

7. Upon information and belief, Defendant Blue Thumb is a corporation that is incorporated in Michigan and has its principal place of business in Saginaw, Michigan.

8. Upon information and belief, Defendant Pondbuilder is a corporation that is incorporated in Michigan and has its principal place of business in Saginaw, Michigan. Upon

information and belief, Blue Thumb Defendant and Defendant Pondbuilder are commonly owned and share the same President, Kristopher Northrup.

## FACTS

A.  Plaintiff and its AQUAFIX Mark

9. Plaintiff is a well-known water and wastewater treatment company, with a state-of-the-art biological laboratory, dedicated to a whole spectrum of water and wastewater issues, and development of natural and sustainable water and wastewater treatment biotechnologies.

10. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5,150,993 on the Principal Register in the United States Patent and Trademark Office for the mark AQUAFIX (hereinafter "AQUAFIX Mark") for a wide variety of goods and services in the water and wastewater treatment field, including various water and wastewater treatment compositions. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5,150,993, which was issued by the United States Patent and Trademark Office on February 28, 2017.

11. Plaintiff has used the AQUAFIX Mark and its Aquafix, Inc. trade name in commerce throughout the United States continuously since at least as early as 2000 in connection with the manufacture, provision, offering for sale, sale, marketing, advertising and promotion of water and wastewater treatment goods and services. Attached hereto as Exhibit 2 are photographs of representative samples of goods showing Plaintiff's use of the AQUAFIX Mark in connection with such goods.

12. As a result of its widespread, continuous, and exclusive use of the AQUAFIX Mark to identify its water and wastewater treatment goods and services and Plaintiff as their

source, Plaintiff owns valid and subsisting federal statutory and common law rights to the AQUAFIX Mark.

13. Plaintiff's AQUAFIX Mark is distinctive to both the consuming public and Plaintiff's trade.

14. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the water and wastewater treatment goods and services sold under the AQUAFIX Mark.

15. Plaintiff provides and sells the water and wastewater treatment goods and services under the AQUAFIX Mark in wastewater treatment and water feature treatment trade channels.

16. Plaintiff offers and sells its water and wastewater treatment goods and services under its AQUAFIX Mark to various types of consumers including wastewater treatment plant operators, and consumers for treatment of the water in their water features such as lake and ponds.

17. The water and wastewater treatment goods and services Plaintiff offers under the AQUAFIX Mark are of high quality. Plaintiff and Plaintiff's goods and services have been recognized in the industry for their work in environmental preservation. Plaintiff's AQUAFIX brand goods have been registered with the State of Michigan Department of Environmental Quality since at least as early as 2011.

18. As a result of Plaintiff's expenditures and efforts, the AQUAFIX Mark has come to signify the high quality of the water and wastewater treatment goods and services designated

by the AQUAFIX Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.  Defendants' Unlawful Activities

19. Upon information and belief, Defendant Pondbuilder is engaged in the manufacture of goods for water treatment (e.g., goods for treatment of water in water features such as lakes and ponds). Upon information and belief, Defendant Blue Thumb is engaged in the distribution of Defendant Pondbuilder's goods for water treatment.

20. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its AQUAFIX Mark, Defendant Pondbuilder adopted and began using a mark identical to Plaintiff's AQUAFIX Mark (hereinafter, the "Infringing Mark") in connection with certain of its goods for water treatment (the "Infringing Goods").

21. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its AQUAFIX Mark, Defendant Blue Thumb began distributing the Infringing Goods under or in connection with the Infringing Mark.

22. The Infringing Mark is identical to Plaintiff's AQUAFIX Mark.

23. Upon information and belief, Defendant Pondbuilder has been engaged in the manufacture, provision, advertising, promotion, offering for sale, and sale of the Infringing Goods using the Infringing Mark throughout the US. Attached hereto as Exhibit 3 are true and correct photographic depictions of representative Infringing Goods and Defendant Pondbuilder's use of the Infringing Mark.

24. Upon information and belief, Defendant Blue Thumb has been engaged in the distribution, provision, advertising, promotion, offering for sale, and sale of Infringing Goods using the Infringing Mark throughout the US. Attached hereto as Exhibit 4 are true and correct photographic depictions of representative Infringing Goods showing Defendant Blue Thumb's use of the Infringing Mark.

25. Upon information and belief, the Infringing Goods each of the Defendants has manufactured, distributed, provided, marketed, advertised, promoted, offered for sale, and/or sold under the Infringing Mark are offered for sale and sold to consumers for treatment of the water in water features such as lake and ponds.

26. On July 9, 2020, Plaintiff's counsel sent a cease-and-desist letter to Defendant Blue Thumb objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit 5 is a true and correct copy of Plaintiff's counsel's July 9, 2020 cease-and-desist letter to Defendant.

27. President of both Defendants, Kristopher Northrup, responded to the letter by contacting Plaintiff directly. Mr. Northrup admitted knowing that the Infringing Mark was identical to Plaintiff's trade name and trademark when the Infringing Mark was adopted but suggested "it was no big deal." He initially indicated that use of the Infringing Mark would cease but later asked to continue use under a license. When the license request was denied, Mr. Northrup soon stopped responding to contacts from Plaintiff. When Plaintiff followed up again after a customer of Plaintiff reported receiving a catalog from Defendant Blue Thumb in which Infringing Goods were still offered for sale under the Infringing Mark, Mr. Northrup then stated that he had reconsidered and indicated that use of the Infringing Mark would continue.

28. Each Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Infringing Goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Infringing Goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

29. Each Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by contacts Plaintiff has received from consumers of each of the Defendants mistakenly believing that the Infringing Goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that one or both Defendants is in some way affiliated with or sponsored by Plaintiff.

30. Upon information and belief, each Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's AQUAFIX Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's water and wastewater treatment goods and services to the Defendants.

31. Each of the Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**COUNT ONE (Federal Trademark Infringement – Defendant Pondbuilder)**

32. Plaintiff repeats and realleges paragraphs 1 through 31 hereof, as if fully set forth herein.

33. Defendant Pondbuilder's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and is likely to cause consumers to believe, contrary to fact, that the Infringing Goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant Pondbuilder is in some way affiliated with or sponsored by Plaintiff. Defendant Pondbuilder's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Upon information and belief, Defendant Pondbuilder has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the AQUAFIX Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

35. Defendant Pondbuilder's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

36. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Pondbuilder's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO (Federal Trademark Infringement – Defendant Blue Thumb)**

37. Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38. Defendant Blue Thumb's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and is likely to cause consumers to believe, contrary to fact, that the Infringing Goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant Blue Thumb is in some way affiliated with or sponsored by Plaintiff. Defendant Blue Thumb's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Upon information and belief, Defendant Blue Thumb has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the AQUAFIX Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

40. Defendant Blue Thumb's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

41. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Blue Thumb's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE (Federal Unfair Competition - Defendant Pondbuilder)**

42. Plaintiff repeats and realleges paragraphs 1 through 41 hereof, as if fully set forth herein.

43. Defendant Pondbuilder's unauthorized use in commerce of the Infringing Mark as alleged herein is and has been likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and is and has been likely to cause consumers to believe, contrary to fact, that the Infringing Goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant Pondbuilder is in some way affiliated with or sponsored by Plaintiff.

44. Defendant Pondbuilder's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

45. Upon information and belief, Defendant Pondbuilder's conduct as alleged herein has been likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Pondbuilder with Plaintiff.

46. Upon information and belief, Defendant Pond Builder has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the AQUAFIX Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

47. Defendant Pondbuilder's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendant Pondbuilder's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

49. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Pondbuilder's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR (Federal Unfair Competition – Defendant Blue Thumb)**

50. Plaintiff repeats and realleges paragraphs 1 through 49 hereof, as if fully set forth herein.

51. Defendant Blue Thumb's unauthorized use in commerce of the Infringing Mark as alleged herein is and has been likely to deceive consumers as to the origin, source, sponsorship, or affiliation of the Infringing Goods, and is and has been likely to cause consumers to believe, contrary to fact, that the Infringing Goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant Blue Thumb is in some way affiliated with or sponsored by Plaintiff.

52. Defendant Blue Thumb's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

53. Upon information and belief, Defendant Blue Thumb's conduct as alleged herein has been likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant Blue Thumb with Plaintiff.

54. Upon information and belief, Defendant Blue Thumb has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the AQUAFIX Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

55. Defendant Blue Thumb's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendant Blue Thumb's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

57. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Blue Thumb's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FIVE (Common Law Trademark Infringement and Unfair Competition – Defendant Pondbuilder)**

58. Plaintiff repeats and realleges paragraphs 1 through 57 hereof, as if fully set forth herein.

59. Defendant Pondbuilder's unauthorized use of the Infringing Mark in connection with the Infringing Goods is and has been likely to confuse the public as to the origin, source, sponsorship or quality of Plaintiff's goods and services, or to cause mistake or to deceive the public into believing the Infringing Goods emanate from, or are sponsored by, authorized by, or affiliated with Plaintiff, all in violation of Plaintiff's rights under the common law of trademarks and unfair competition.

60. Defendant Pondbuilder's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to

both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

61. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Pondbuilder's profits, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT SIX (Common Law Trademark Infringement and Unfair Competition – Defendant Blue Thumb)**

62. Plaintiff repeats and realleges paragraphs 1 through 61 hereof, as if fully set forth herein.

63. Defendant Blue Thumb's unauthorized use of the Infringing Mark in connection with the Infringing Goods is and has been likely to confuse the public as to the origin, source, sponsorship or quality of Plaintiff's goods and services, or to cause mistake or to deceive the public into believing the Infringing Goods emanate from, or are sponsored by, authorized by, or affiliated with Plaintiff, all in violation of Plaintiff's rights under the common law of trademarks and unfair competition.

64. Defendant Blue Thumb's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

65. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant Blue Thumb's profits, and costs of the action under Sections 34 and 35 of

the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

WHEREFORE, Plaintiff requests judgment against each Defendant as follows:

    1.    That each Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

    2.    That each Defendant has infringed Plaintiff's common law trademark rights.

    3.    Granting an injunction permanently enjoining each Defendant and its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    manufacturing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, provide, sell, market, advertise or promote goods and services in the water and wastewater treatment field bearing the mark AQUAFIX or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's AQUAFIX Mark;

    b.    engaging in any activity that infringes Plaintiff's rights in its AQUAFIX Mark;

    c.    engaging in any activity constituting unfair competition with Plaintiff;

    d.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) either of Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored,

authorized, or franchised by or associated, affiliated, or otherwise connected with either Defendant;

  e. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

  f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark AQUAFIX or any other mark that infringes or is likely to be confused with Plaintiff's AQUAFIX Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

  g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and/or services.

5. Directing each Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark AQUAFIX or any

other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's AQUAFIX Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale either of Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark AQUAFIX or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's AQUAFIX Mark, and to immediately remove them from public access and view.

6. Directing that each Defendant recall and deliver up for destruction all goods, packaging, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark AQUAFIX or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's AQUAFIX Mark.

7. Directing each Defendant to formally abandon with prejudice any and all of its applications to register the mark AQUAFIX or any mark consisting of, incorporating, or containing Plaintiff's AQUAFIX Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing each Defendants to cancel with prejudice any and all of its registrations for the mark AQUAFIX or any mark consisting of, incorporating, or containing Plaintiff's AQUAFIX Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9. Directing each Defendant, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which that Defendant has complied therewith.

10. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that each Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

12. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

15. Awarding such other and further relief as the Court deems just and proper.

Dated May 21, 2021.

BOARDMAN & CLARK LLP
By

_____
Barry J. Blonien, SBN 1078848
Tanner G. Jean-Louis, SBN 1122401
Attorneys for Plaintiff Aquafix, Inc.
U.S. Bank Plaza, Suite 410
1 South Pinckney Street
P.O. Box 927
Madison, Wisconsin 53701-0927
(608) 257-9521
bblonien@boardmanclark.com
tjeanlouis@boardmanclark.com